UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LILI SCHAD, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    vs.<br><br>HARBINGER CAPITAL PARTNERS LLC, HARBINGER HOLDINGS, LLC and PHILIP A. FALCONE,<br><br>    Defendants. | Case No. 1:12-cv-01244-AJN |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 23(g)**

Pursuant to Federal Rule of Civil Procedure 23(g), Plaintiff Lili Schad moves for appointment of Zamansky & Associates LLC and Girard Gibbs LLP as interim class counsel. Plaintiff's attorneys are uniquely qualified to represent the proposed class in this matter, based on their work on this case and their prior experience in class actions and other complex litigation pertaining to the rights of investors. No other counsel has sought appointment as interim class counsel in this case.

**FACTUAL BACKGROUND**

Plaintiff sued defendants Harbinger Capital Partners LLC, Harbinger Holdings, LLC and Philips A. Falcone on behalf of herself and on behalf of a proposed class of all others who held limited partnership interests in Harbinger Capital Partners Fund I, L.P. (the "Fund"). The Fund used a substantial percentage of its resources to acquire and operate LightSquared (originally SkyTerra), a development-stage wireless telecommunications company. LightSquared's commercial viability depended on a conditional license the Federal Communications

1

Commission (FCC) granted it to operate and broadcast on the L-squared broadband spectrum, which is adjacent to the spectrum used by satellites.  The FCC conditioned the license on LightSquared's ability to resolve interference problems between its proposed network and global positioning systems ("GPS") employed by the military, airlines, and transportation companies.  On February 15, 2012, the FCC announced that its conditional approval granted to LightSquared was indefinitely suspended because of the GPS interference. Most industry commentators believe that LightSquared's proposed network is no longer viable.  As a result, the Limited Partners stand to lose substantially all of the value of their investments.

## ARGUMENT

Federal Rule of Civil Procedure 23(g) provides that a court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3).  Appointment of interim class counsel can be a useful tool of the Court to protect the interests of the proposed class during pre-certification activities.  Manual for Complex Litigation (Fourth), § 21.11 (2005).  As the Advisory Committee Notes recognize, interim counsel is charged with conducting pre-certification discovery, motion practice, and any settlement discussions on behalf of the proposed class as well as the named representative.  Note of Advisory Comm. on 2003 Amendment to Rule 23; *see also* Manual for Complex Litigation § 21.11.  Given the benefits that an appointment of interim class counsel would provide to the Court and the proposed class, Plaintiff requests that the Court enter an order appointing interim class counsel in this case.

Plaintiff's counsel, Zamansky & Associates and Girard Gibbs, are well suited to serve as interim class counsel in this case.  Courts considering motions to appoint interim class counsel generally consider the factors set forth in Rule 23:

> (i) the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (iii) counsel's knowledge of the applicable law; and
>
> (iv) the resources counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A); *see Parkinson v. Hyundai Motor Am.*, No. SACV 06-345 AHS, 2006 WL 2289801, at *2 (C.D. Cal. Aug. 7, 2006) (the factors set forth for appointing class counsel should also be considered when appointing interim class counsel). Each of these factors supports the appointment of Zamansky & Associates and Girard Gibbs as interim class counsel. In addition, the appointment of Zamansky & Associates and Girard Gibbs as interim class counsel will comport with the requirement that interim class counsel "fairly and adequately represent the interests of the class." *See* Fed. R. Civ. P. 23(g)(1)(E).

**A.  Zamansky & Associates and Girard Gibbs Have Spent Significant Time and Devoted Substantial Resources to Identifying and Investigating Potential Claims**

As set forth in the accompanying declarations of Jacob H. Zamansky and Daniel C. Girard, Zamansky & Associates and Girard Gibbs have invested substantial time and effort identifying and investigating claims against Defendants. Before filing an action on behalf of Ms. Schad, the firms investigated the facts surrounding Ms. Schad's investment in Harbinger, reviewed the offering materials and the periodic communications sent by Harbinger to investors, investigated Harbinger's investments in LightSquared and the technical and regulatory obstacles facing LightSquared, researched the relevant legal principles, and drafted Ms. Schad's complaint, among other pre-filing activities. (*See* Girard Decl. ¶ 2; Zamansky Decl. ¶ 2.) This devotion of time and resources has put the firms in a position to fast track this litigation by

3

identifying the critical legal and factual issues that will need to be resolved to prepare this case for trial or settlement.

## B. The Firms' Experience Uniquely Positions Them to Serve as Interim Class Co-Counsel

The second factor also supports the appointment of Zamansky & Associates and Girard Gibbs as interim class co-counsel. The firms have extensive experience in class actions and other complex litigation pertaining to the offer and sale of securities and the rights of investors. (*See* Girard Decl ¶ 3; Zamansky Decl ¶ 3.)

The firms have successfully prosecuted numerous securities class actions in courts throughout the country. The following cases illustrate the Zamansky firm's experience in this arena:

- *In re ProShares Litigation*, Case No. 09-cv-06935 (S.D.N.Y). Zamansky & Associates served as co-lead counsel for a class of investors with billions in collective losses in leveraged and inverse exchange-traded funds issued by ProShares.

- *In re Citigroup, Inc. Securities Litigation—Brecher et al. v. Citigroup, Inc. et al.*, 09-CV-7359 (S.D.N.Y.). Zamansky & Associates served as co-lead counsel for class of Citigroup employees for losses suffered in their employee restricted FCAP stock and stock option plan as the result of securities fraud.

- *In re Apple REITs Litigation*, 11-cv-02919 (E.D.N.Y.). Zamansky & Associates serves as co-lead counsel for class of investors who were defrauded by the issuers and sellers of Apple REITs.

- *Grund et al. v. Principal Financial Group*, 09-CV-8025 (S.D.N.Y.). Zamansky & Associates served as co-lead counsel for class of investors against the custodian of plaintiffs' IRA and pension accounts the assets of which were stolen in the James Nicholson / Westgate

fraud.

- *Peters et al. v. JinkoSolar Holding Co. Ltd, et al.,* 11-CV-07133 (S.D.N.Y.). Zamansky & Associates expects to be appointed co-lead counsel for a class of investors who sued the company and its underwriters based on misrepresentations and omissions concerning the company's compliance with environmental standards during its manufacture of solar chips.

Girard Gibbs has also successfully prosecuted numerous securities class actions throughout the country. The following cases illustrate the firm's experience and success in this arena:

- *In re Lehman Brothers Debt/Equity Litigation*, Case No. 09-MD-2017 (LAK) (S.D.N.Y.). In multidistrict proceedings arising out of the collapse of Lehman Brothers Holdings, Inc., Girard Gibbs represents investors in Lehman Brothers "structured notes" sold by UBS Financial Services, Inc.

- *In re Royal Bank of Scotland Group plc Securities Litigation*, Case No. 09-cv-0617-DAB (S.D.N.Y). Girard Gibbs serves as lead counsel for purchasers of RBS preferred stock in this ongoing litigation.

- *Billitteri v. Securities America, Inc.*, Case No. 3:09-cv-01568-F (N.D. Tex.). Girard Gibbs serves as lead counsel in an action against broker-dealer Securities America, Inc. and its former corporate parent, Ameriprise, Inc., in connection with sales of preferred shares in a series of "Provident Royalties" offerings.

- *In re SLM Securities Litigation,* Case No. 1:08-cv-01029-WHP (S.D.N.Y.). Girard Gibbs serves as counsel for lead plaintiff in this action for violations of federal securities laws.

- *In re American Express Financial Advisors Securities Litigation*, Case No. 04-cv-

01773-DAB (S.D.N.Y.).  Girard Gibbs served as lead counsel in action on behalf of retail investors who purchased financial advice from Ameriprise Inc.

- *In re i2 Securities Litigation,* Case No. 3:01-CV-418-H (N.D. Tex.).  Girard Gibbs represented lead plaintiff, the Kansas Public Employees Retirement System, and served as co-lead counsel on behalf of investors in i2 Technologies.

- *In re Prison Realty Securities Litigation*, Case No. 3:99-0452 (M.D. Tenn.).  Girard Gibbs served as co-lead counsel in a class action brought on behalf of investors against a real estate investment trust and its officers and directors, following the defendants' alleged false statements made in the context of a merger between Corrections Corporation of America and CCA Prison Realty Trust and the subsequent operation of the merged entity.

In sum, the collective experience of Zamansky & Associates and Girard Gibbs supports their appointment as interim class co-counsel.

## C. Zamansky & Associates and Girard Gibbs Have Proven Knowledge of the Applicable Law

The third factor to be considered similarly supports the appointment of Zamansky & Associates and Girard Gibbs as interim class co-counsel: the firms have a proven knowledge of the applicable law.  Because of their extensive experience in representing plaintiffs and classes in securities cases, the firms have a considerable background in federal and state securities laws and other related claims.  The firms' direct, relevant experience litigating complex class actions involving issues of the offer and sale of securities merits appointment of the firms as interim class counsel in these actions.

D.  **Zamansky & Associates and Girard Gibbs Have Consistently Committed All Necessary Resources to Representing Proposed Classes**

Finally, Zamansky & Associates and Girard Gibbs have the ability and commitment to devote substantial resources to representing Plaintiff and the proposed class.  The firms have an established history of committing ample resources to class action litigation, and will do the same in litigating this case.  The firms have committed to technology and have invested in complex litigation software tools that allow them to litigate cases of any size and scope.  (*See* Zamansky Decl. ¶ 4; Girard Decl. ¶ 5.)  The firms' dedication of resources confirms that Zamansky & Associates and Girard Gibbs are well qualified to serve as interim class counsel in this matter.

## CONCLUSION

Plaintiff Lili Schad respectfully requests that the Court appoint Zamansky & Associates and Girard Gibbs to serve as interim class counsel.

DATED: March 19, 2012                     Respectfully submitted,

**GIRARD GIBBS LLP**

By:    /s/*Daniel C. Girard*
          Daniel C. Girard

Amanda M. Steiner
Dena C. Sharp
Gabriel Bluestone
601 California Street, Suite 1400
San Francisco, California 94104
Telephone: (415) 981-4800
Facsimile: (415) 981-4846

**ZAMANSKY & ASSOCIATES LLC**

Jacob H. Zamansky
Edward H. Glenn, Jr.
Kevin D. Galbraith
50 Broadway, 32nd Floor
New York, New York 10004
Telephone: (212) 743-1414
Facsimile: (212) 742-1177

Attorneys for Individual and Representative
Plaintiff Lili Schad