

# ZAMANSKY LLC

**Attorneys at Law**
50 Broadway - 32nd Floor
New York, New York 10004
Telephone (212) 742-1414
Facsimile (212) 742-1177
E-Mail: Jake@Zamansky.com
Website: www.Zamansky.com

Jacob H. Zamansky
Edward H. Glenn, Jr.
Samuel Bonderoff
August M. Iorio

September 19, 2013

**By ECF Filing**

The Honorable Alison J. Nathan
United States District Judge
Southern District of New York
40 Foley Square, Room 2102
New York, New York 10007

      RE:    *In re Harbinger Capital Partners Funds Investor Litigation*,
               Case No. 1:12-cv-01244-AJN

Dear Judge Nathan:

        My firm Zamansky & Associates LLC has been appointed as interim class counsel by this Court. I write on behalf of counsel for the Plaintiffs in response to the letter dated September 18, 2013 from counsel for defendants Harbinger Capital Partners LLC; Harbinger Holdings, LLC; Harbinger Capital Partners GP, L.L.C.; Harbinger Capital Partners Special Situations GP, LLC; and Philip A. Falcone (the "Harbinger Defendants") submitting *In re Herald, Primeo and Thema Sec. Litig.*, Nos. 12-156, 12-162, 2013 U.S. App. LEXIS 19132 (2d Cir. N.Y. Sept. 16, 2013) ("*In re Herald*") as supplemental authority in support of their pending motions to dismiss.

        The Harbinger Defendants argue that *In re Herald* stands for the proposition that the Securities Litigation Uniform Standards Act ("SLUSA") preempts claims by plaintiffs who invested in so-called "feeder funds" that, in turn, invested in covered securities. They are mistaken.

        The plaintiffs in *In re Herald* invested in feeder funds that invested in Bernard L. Madoff Investment Securities ("Madoff Securities"). As the Harbinger Defendants correctly point out, the investments in the feeder funds themselves were not covered securities, just as

Plaintiffs' investments in the Harbinger hedge funds are not covered securities. The Madoff Securities, however, purported to invest in covered securities.

At issue in *In re Herald* were the plaintiffs' claims against JPMorgan and BNY, the banks at which Madoff Securities' accounts were held. The plaintiffs alleged that the banks knew about and assisted Madoff's fraud, and asserted aiding and abetting and conspiracy claims against them. In dismissing the claims against these banks as preempted by SLUSA, the Second Circuit explained that they were "predicated not on these banks' relationship with plaintiffs or their investments in the feeder funds but on the banks' relationship with, and alleged assistance to, Madoff [Securities'] Ponzi scheme, which indisputably engaged in purported investments in covered securities on U.S. exchanges."

By contrast, here, Plaintiffs' allegations of material omissions and misrepresentations are directly predicated on their purchase and sale of "noncovered" securities—investments in the Harbinger hedge funds. Specifically, Plaintiffs allege that the Harbinger Defendants made materially misleading misrepresentations and omissions about their hedge funds that induced the Plaintiffs to invest in the Harbinger funds. *In re Herald*, therefore, is not on point.

As set forth in Plaintiffs' opposition to the Harbinger Defendants' motion to dismiss, for claims like ours, SLUSA does not apply. *See Comm. of Univ. of Montreal Pension Plan v. Banc of Am. Sec., LLC*, 750 F. Supp. 2d 450, 453-54 (S.D.N.Y. 2010); *see also Anwar v. Fairfield Greenwich Ltd.*, 728 F. Supp. 2d 372, 398-99 (S.D.N.Y. 2010) (declining to apply SLUSA in a Madoff Securities feeder fund case where the allegations concerned fraud by the funds to induce purchase of fund shares). There is no support for the Harbinger Defendants' conclusory statement that *Anwar* and *Montreal Pension Plan* were incorrectly decided. In fact, *In re Herald* is silent on the issue and does not address either case.

Plaintiffs also write to bring to the Court's attention the latest developments in the proceedings between the U.S. Securities and Exchange Commission and a subset of the Harbinger Defendants: Philip A. Falcone; and Harbinger Capital Partners LLC; Harbinger Capital Partners Offshore Manager, L.L.C.; and Harbinger Capital Partners Special Situations GP, L.L.C. (the "Harbinger Fund Defendants"). 12 Civ. 5027 (PAC)(S.D.N.Y.) (the "S.E.C. Proceedings"). On September 16, 2013, the Court approved the Final Consent Judgment as to Mr. Falcone and the Harbinger Fund Defendants. *See* attached Order (Exhibit A); and the Final Consent Judgment (Exhibit B).

As stated in the Order, Mr. Falcone and the Harbinger Fund Defendants have now withdrawn their denials to the allegations in the S.E.C. Proceedings and have made admissions in the Final Consent Judgment that mirror several of the allegations brought by Plaintiffs in this action. *See* Exhibit B. Those admissions include that: (1) Mr. Falcone "improperly borrowed $113.2 million . . . and did not disclose the loan to investors for approximately five months"; and (2) that Mr. Falcone and Harbinger Capital Partners LLC "granted favorable redemption and liquidity terms to certain large investors . . . and did not disclose certain of these arrangements to

. . . the other fund investors." Per the Order, Mr. Falcone has been ordered to disgorge $18 million and been barred from the securities industry for five years.

Plaintiffs respectfully ask this Court to reject the Harbinger Defendants' reasoning relating to *In re Herald* and deny the motion to dismiss, and to consider the attached Order and Final Consent Judgment.

Respectfully submitted,

*Jacob H. Zamansky/SBB*

Jacob H. Zamansky

Encl.

cc: All Counsel of record