PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

LLOYD K. GARRISON  (1946-1991)
RANDOLPH E. PAUL   (1946-1956)
SIMON H. RIFKIND   (1950-1995)
LOUIS S. WEISS     (1927-1950)
JOHN F. WHARTON    (1927-1977)

UNIT 3601, OFFICE TOWER A, BEIJING FORTUNE PLAZA
NO. 7 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT
BEIJING 100020
PEOPLE'S REPUBLIC OF CHINA
TELEPHONE (86-10) 5828-6300

12TH FLOOR, HONG KONG CLUB BUILDING
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, U.K.
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

WRITER'S DIRECT DIAL NUMBER
212-373-3218

WRITER'S DIRECT FACSIMILE
212-492-0218

WRITER'S DIRECT E-MAIL ADDRESS
dleffell@paulweiss.com

February 7, 2014

**By ECF**

The Honorable Alison J. Nathan
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

    *In re Harbinger Capital Partners Funds Investor Litigation*, No. 12 Civ. 1244 (AJN)

Dear Judge Nathan:

    This firm represents the Harbinger Defendants in the above-referenced action. We write to bring to the Court's attention Judge Sweet's recent decision in *SRM Global Master Fund Limited Partnership* v. *Bear Stearns Companies LLC*, No. 13 Civ. 2692, slip op. (RWS) (S.D.N.Y. Feb. 5, 2014) ("*SRM*"), which further supports the Harbinger Defendants' pending motion to dismiss the Sixth Amended Complaint. A copy of the decision in *SRM* is attached to this letter as Exhibit A.

    The Harbinger Defendants seek dismissal of plaintiffs' common law fraud claim because (among other reasons) it is a "holder" claim that would require excessive speculation about causation and damages. (Dkt. No. 153 at 14-15.) Plaintiffs' opposition brief attempted to distinguish the Harbinger Defendants' authorities and asserted that "longstanding New York state precedent" allows their "holder" claim to proceed. (Dkt. No. 161 at 24.)

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP  2

The Honorable Alison J. Nathan

    In *SRM*, Judge Sweet rejected a similar assertion by the plaintiff in that case, who had purchased Bear Stearns common stock and asserted claims for common law fraud under New York law based on "misrepresentations or omissions [that] caused [it] to retain ownership of securities that [it] acquired prior to the alleged wrongdoing." (Ex. A at 56.) In rejecting the *SRM* plaintiff's "holder" claims, Judge Sweet noted that the New York Court of Appeals "has not resolved whether New York law recognizes such a theory of fraud." (*Id.* at 57.) There—as here—the plaintiff was unable to identify any decisions from the Court of Appeals that specifically allowed "holder" claims in the securities context. Judge Sweet then ruled that given the "uncertainty" of New York law, the "most persuasive" view is that "New York does not recognize such claims," and he dismissed the *SRM* plaintiff's fraud claims on that basis. (*Id.* at 59.)

    We submit that Judge Sweet's analysis of New York law in *SRM* further supports the dismissal of plaintiffs' fraud claim in this case. That claim should be dismissed for the reasons set forth in the *SRM* decision and for the reasons set forth in the Harbinger Defendants' opening and reply memoranda of law.

Respectfully submitted,

Daniel J. Leffell

Enclosure

cc: All counsel of record (via email)